

ORIGINAL

THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
THOMAS E. FRANKOVICH (State Bar No. 074414)
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Telephone:    415/674-8600
Facsimile:    415/674-9900

Attorneys for Plaintiff
CRAIG YATES, an individual

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

*JCS*

CV 10    739

| | |
|---|---|
| CRAIG YATES, an individual, | **CASE NO.** <u>**Civil Rights**</u> |
| Plaintiff, | **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:** |
| v. | **1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*) |
| GRAHAM CENTER, LLC, | |
| Defendant. | **2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3 |
| | **3rd CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act) |

**DEMAND FOR JURY**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1    Plaintiff CRAIG YATES, an individual, complains of defendant GRAHAM CENTER,

2    LLC, a.k.a. Jason's Burger/I Love Sushi and alleges as follows:

3    **INTRODUCTION:**

4    1.    This is a civil rights action for discrimination against persons with physical

5    disabilities, of which class plaintiff CRAIG YATES and the disability community are members,

6    for failure to remove architectural barriers structural in nature at defendant's Jason's Burger/I

7    Love Sushi, each a place of public accommodation, thereby discriminatorily denying plaintiff and

8    the class of other similarly situated persons with physical disabilities access to, the full and equal

9    enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and

10   accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to the

11   Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

12   and 51.5 and 54, *et seq.*

13   2.    Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

14   March 20, 2009, April 14, 2009, April 28, 2009, May 15, 2009, June 12, 2009, June 22, 2009,

15   June 24, 2009, June 26, 2009, July 8, 2009, July 9, 2009, August 4, 2009, August 11, 2009,

16   August 19, 2009, August 20, 2009, August 21, 2009, September 23, 2009, September 28, 2009,

17   October 5, 2009, October 30, 2009, December 14, 2009, January 27, 2010, February 1, 2010 and

18   February 12, 2010, was an invitee, guest, patron, customer at defendant's Jason's Burger/I love

19   Sushi, in the City of San Rafael, California. At said times and place, defendants failed to provide

20   proper legal access to the Jason's Burger/I love Sushi, each of which is a "public

21   accommodation" and/or a "public facility" including, but not limited to the parking lot, signage,

22   entrance, unisex restroom and food counter. The denial of access was in violation of both federal

23   and California legal requirements, and plaintiff CRAIG YATES suffered violation of his civil

24   rights to full and equal access, and was embarrassed and humiliated.

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2

**JURISDICTION AND VENUE:**

3. **Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.* and California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Building Standards Code.

4. **Venue:** Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 783 Andersen Drive, in the City of San Rafael, County of Marin, State of California, and that plaintiff's causes of action arose in this county.

**PARTIES:**

5. Plaintiff CRAIG YATES is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff CRAIG YATES is a "person with physical disabilities", as defined by all applicable California and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    6.    Defendant GRAHAM CENTER, LLC (hereinafter alternatively collectively

2  referred to as "defendant") is the owner and operator, lessor and/or lessee, or agent of the owners,

3  lessors and/or lessees, of the public accommodation known as Jason's Burger/I Love Sushi,

4  located at/near 783 Andersen Drive, San Rafael, California, or of the building and/or buildings

5  which constitute said public accommodation.

6    7.    At all times relevant to this complaint, defendant GRAHAM CENTER, LLC,

7  owns and/or operates in joint venture the subject Jason's Burger/I Love Sushi, which is a separate

8  public accommodation and is part of the greater Graham Center. This business is open to the

9  general public and conducts business therein. The business is a "public accommodation" or

10  "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,*

11  Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

12    8.    At all times relevant to this complaint, defendant GRAHAM CENTER, LLC is

13  jointly and severally responsible to identify and remove architectural barriers at the various

14  public accommodations including Jason's Burger/I Love Sushi, which is part and parcel of the

15  subject Graham Center pursuant to Code of Federal Regulations title 28, section 36.201(b),

16  which states in pertinent part:

17    **§ 36.201    General**

18           (b) *Landlord and tenant responsibilities.* Both the landlord
             who owns the building that houses a place of public
19           accommodation and the tenant who owns or operates the place of
             public accommodation are public accommodations subject to the
20           requirements of this part. As between the parties, allocation of
             responsibility for complying with the obligations of this part may
21           be determined by lease or other contract.

22           28 CFR §36.201(b)

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1 **PRELIMINARY FACTUAL ALLEGATIONS:**

2       9.    Jason's Burger/I Love Sushi, is a restaurant, located at/near 783 Andersen Drive,

3 San Rafael, California. The Jason's Burger/I Love Sushi is each a public accommodation which

4 is part of the greater public accommodation known as the Graham Center. Its parking lot,

5 signage, entrance, unisex restroom, food counter, and its other facilities are each a "place of

6 public accommodation or facility" subject to the barrier removal requirements of the Americans

7 with Disabilities Act. On information and belief, each such facility has, since July 1, 1970,

8 undergone "alterations, structural repairs and additions," each of which has subjected some or all

9 buildings of the Graham Center and each of its facilities, its parking lot, signage, entrance, unisex

10 restroom and food counter to disability access requirements per the Americans with Disabilities

11 Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title

12 24).

13       10.    On or about October of 1997, defendant purchased and/or took possessory control

14 of the premises now known as Graham Center. At all times prior thereto, defendant was aware

15 of their obligation prior to the close of escrow, or upon taking possessory interest, that public

16 accommodations had a duty to identify and remove architectural barriers and was aware that

17 many of the premises and specifically what is now known in the past and present as Jason's

18 Burger, and then I Love Sushi was not accessible to the disabled. Nevertheless, defendant

19 operated all facilities of the Graham Center as though it was accessible.

20       11.    At all times stated herein, defendant and each of them with the knowledge that

21 each of them had an obligation to identify and remove architectural barriers where it was readily

22 achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to

23 the subject accommodation.

24       12.    At all times referred to herein and continuing to the present time, defendant, and

25 each of them, advertised, publicized and held out the Jason's Burger/I Love Sushi as being

26 handicapped accessible and handicapped usable.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5

1    13.    On or about March 20, 2009, April 14, 2009, April 28, 2009, May 15, 2009,

2  June 12, 2009, June 22, 2009, June 24, 2009, June 26, 2009, July 8, 2009, July 9, 2009, August

3  4, 2009, August 11, 2009, August 19, 2009, August 20, 2009 and August 21, 2009, plaintiff

4  CRAIG YATES was an invitee and guest at the subject Jason's Burger, for purposes of having

5  food and beverages.

6    14.    On or about September 23, 2009, September 28, 2009, October 5, 2009, October

7  30, 2009, December 14, 2009, January 27, 2010, February 1, 2010 and February 12, 2010,

8  plaintiff CRAIG YATES was an invitee and guest at the subject I Love Sushi, for purposes of

9  having food and beverages.

10    15.    On or about March 20, 2009, April 14, 2009, April 28, 2009, May 15, 2009,

11  June 12, 2009, June 22, 2009, June 24, 2009, June 26, 2009, July 8, 2009, July 9, 2009,

12  August 4, 2009, August 11, 2009, August 19, 2009, August 20, 2009 and August 21, 2009,

13  plaintiff CRAIG YATES entered the parking lot serving Jason's Burger and other public

14  accommodations. Plaintiff CRAIG YATES discovered that there was insufficient parking and

15  signage for the disabled.

16    16.    On or about March 20, 2009, April 14, 2009, April 28, 2009, May 15, 2009, June

17  12, 2009, June 22, 2009, June 24, 2009, June 26, 2009, July 8, 2009, July 9, 2009, August 4,

18  2009, August 11, 2009, August 19, 2009, August 20, 2009 and August 21, 2009, plaintiff

19  CRAIG YATES while a patron of Jason's Burger, encountered a unisex restroom that was not

20  accessible for the disabled who were semi-ambulatory and not usable by any wheelchair user.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1    17.    On or about November 13, 2008, plaintiff CRAIG YATES filed a lawsuit against

2 defendant GRAHAM CENTER, LLC in a separate action entitled *CRAIG YATES, an individual;*

3 *and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP*

4 *OTHERS, a California public benefit corporation v. GRAHAM CENTER, LLC* - Case No. CV-

5 08-5159-JCS. In this action, plaintiff CRAIG YATES alleged that defendant GRAHAM

6 CENTER, LLC denied access to Ping's Restaurant, a public accommodation which is a part of

7 the Graham Center on March 7, 2007, April 4, 2007, May 2, 2007, June 6, 2007, September 5,

8 2007, October 3, 2007, November 7, 2007, December 5, 2007, January 1, 2008, February 6,

9 2008, March 5, 2008, April 2, 2008, May 7, 2008, June 4, 2008, September 3, 2008, October 1,

10 2008 and November 5, 2008, (group one dates) and on or about December 10, 2007, December

11 12, 2007, December 20, 2007, July 16, 2008, August 1, 2008, August 18, 2008, October 7, 2008,

12 October 27, 2008, October 28, 2008, October 31, 2008 and November 18, 2008, (group two

13 dates).

14    18.    On or about March 27, 2009, plaintiff CRAIG YATES wrote a letter to the

15 landlord and the tenant setting forth his access concerns.

16    19.    On or about April 3, 2009, attorney, Sarah Allman, took it upon herself to write

17 Thomas E. Frankovich, counsel for Craig Yates in the Ping's Restaurant action about plaintiff

18 CRAIG YATES's issues regarding access at Jason's Burger Restaurant.

19    20.    On or about August of 2009, defendant GRAHAM CENTER, LLC undertook

20 remedial measures to provide disabled accessible parking and additional access to the unisex

21 restroom at Jason's Burger/I Love Sushi. However, the remedial measures that were carried out

22 for the unisex restroom at the subject restaurant were made accessible for the semi-ambulatory,

23 but not for any wheelchair user such as plaintiff CRAIG YATES.

24    21.    On or about the time period that Jason's Burger was transitioning to I Love Sushi,

25 the changes to the unisex restroom as stated herein were made.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22.    On or about September 23, 2009, September 28, 2009, October 5, 2009, October 30, 2009, December 14, 2009, January 27, 2010, February 1, 2010 and February 12, 2010, plaintiff CRAIG YATES was still unable to use the unisex restroom that plaintiff CRAIG YATES complained of as the restroom was not remediated to the extent that it could be to allow for use by a wheelchair user.

23.    At all times stated herein, while patronizing I Love Sushi, plaintiff CRAIG YATES saw and encountered a food service bar which was too high for his use. Plaintiff CRAIG YATES also saw that defendant GRAHAM CENTER, LLC, failed to wrap the "p" trap in the unisex restroom.

24.    Therefore, at said times and place until there was partial remediation to provide for I Love Sushi, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject Jason's Burger/I Love Sushi which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

    a.    lack of directional signage to show accessible routes of travel, i.e., to restroom(s);

    b.    lack of the requisite type and number of disabled parking stall(s);

    c.    lack of reduced door pressure at the entrance; the door pressure is in excess of 7lbs. (seven pounds);

    d.    lack of a handicapped-accessible unisex public restroom for the semi-ambulatory and usable by a wheelchair user;

    e.    lack of restroom signage;

    f.    lack of an accessible food counter; and

    g.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

25.    At all times stated herein, the existence of architectural barriers at defendant's place of public accommodation evidenced "actual notice" of defendant's intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

26.     As a legal result of defendant GRAHAM CENTER, LLC's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered the damages as alleged herein.

27.     As a further legal result of the actions and failure to act of defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities.

28.     Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

29.     Defendant's failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

30.     Plaintiff CRAIG YATES was denied his rights to equal access to a public facility by defendant GRAHAM CENTER, LLC, because defendant GRAHAM CENTER, LLC maintained a restaurant without access for persons with physical disabilities to its facilities, including but not limited to the parking lot, signage, entrance, unisex restroom and food counter, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

///

1  31. On information and belief, construction alterations carried out by defendant has
2 also triggered access requirements under both California law and the Americans with Disabilities
3 Act of 1990.

4  32. Plaintiff, as described hereinbelow, seeks injunctive relief to require the I Love
5 Sushi to be made accessible to meet the requirements of both California law and the Americans
6 with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the I
7 Love Sushi as a public facility.

8  33. Plaintiff seeks damages for violation of their civil rights on March 20, 2009,
9 April 14, 2009, April 28, 2009, May 15, 2009, June 12, 2009, June 22, 2009, June 24, 2009,
10 June 26, 2009, July 8, 2009, July 9, 2009, August 4, 2009, August 11, 2009, August 19, 2009,
11 August 20, 2009, August 21, 2009, September 23, 2009, September 28, 2009, October 5, 2009,
12 October 30, 2009, December 14, 2009, January 27, 2010, February 1, 2010 and February 12, 2010
13 and seeks statutory damages of not less than \$4,000, pursuant to Civil Code §52(a) or alternatively
14 \$1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury)
15 determines was the date that some or all remedial work should have been completed under the
16 standard that the landlord and tenant had an ongoing duty to identify and remove architectural
17 barriers where it was readily achievable to do so, which deterred plaintiff CRAIG YATES from
18 returning to the subject public accommodation because of his knowledge and/or belief that neither
19 some or all architectural barriers had been removed and that said premises remains inaccessible to
20 persons with disabilities whether a wheelchair user or otherwise.

21  34. On information and belief, defendant has been negligent in their affirmative duty to
22 identify the architectural barriers complained of herein and negligent in the removal of some or all
23 of said barriers.

24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

1      35.    Because of defendant's violations, plaintiff and other persons with physical
2  disabilities are unable to use public facilities such as those owned and operated by defendant on a
3  "full and equal" basis unless such facility is in compliance with the provisions of the Americans
4  with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
5  other accessibility law as plead herein. Plaintiff seeks an order from this court compelling
6  defendants to make the I Love Sushi accessible to persons with disabilities.

7      36.    On information and belief, defendant has intentionally undertaken to modify and
8  alter existing building(s), and have failed to make them comply with accessibility requirements
9  under the requirements of ADAAG and Title 24. The acts and omission of defendant, and each of
10  them, in failing to provide the required accessible public facilities at the time of plaintiff's visit
11  and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried
12  out by defendant, and each of them, with a willful and conscious disregard for the rights and
13  safety of plaintiff and other similarly situated persons, and justify a trebling of damages as
14  provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of
15  defendant, and each of them, to other operators and landlords of other commercial centers and
16  restaurants and other public facilities, and to punish defendant and to carry out the purposes of
17  the Civil Code §§ 51, 51.5 and 54.

18      37.    Plaintiff is informed and believes and therefore alleges that defendant GRAHAM
19  CENTER, LLC, caused the subject building(s) which constitute the Graham Center and Jason's
20  Burger/I Love Sushi to be constructed, altered and maintained in such a manner that persons with
21  physical disabilities were denied full and equal access to, within and throughout said building(s)
22  of the Jason's Burger/I Love Sushi and were denied full and equal use of said public facilities.
23  Furthermore, on information and belief, defendant has continued to maintain and operate said
24  restaurant and/or its building(s) in such conditions up to the present time, despite actual and
25  constructive notice to such defendant that the configuration of said restaurant and/or its
26  building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff
27  CRAIG YATES, and other members of the disability community.

28  ///

1   Such construction, modification, ownership, operation, maintenance and practices of such public
2   facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and
3   the ADA, 42 U.S.C. §12101, *et seq.*

4        38.    On personal knowledge, information and belief, the basis of defendant's actual and
5   constructive notice that the physical configuration of the facilities including, but not limited to,
6   architectural barriers constituting the Jason's Burger/I Love Sushi and/or building(s) was in
7   violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is
8   not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself,
9   service of a separate action entitled *CRAIG YATES , an individual; and DISABILITY RIGHTS*
10   *ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California*
11   *public benefit corporation v. GRAHAM CENTER, LLC* - Case No. CV-08-5159-JCS, owners of
12   other restaurants, hotels, motels and businesses, notices they obtained from governmental
13   agencies upon modification, improvement, or substantial repair of the subject premises and other
14   properties owned by these defendant, newspaper articles and trade publications regarding the
15   Americans with Disabilities Act of 1990 and other access laws, public service announcements by
16   former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.
17   Defendant's failure, under state and federal law, to make the I Love Sushi accessible is further
18   evidence of defendant's conscious disregard for the rights of plaintiff and other similarly situated
19   persons with disabilities. Despite being informed of such effect on plaintiff and other persons
20   with physical disabilities due to the lack of accessible facilities, defendant, and each of them,
21   knowingly and willfully refused to take any steps to rectify the situation and to provide full and
22   equal access for plaintiff and other persons with physical disabilities to the Jason's Burger/I Love
23   Sushi. Said defendant, and each of them, have continued such practices, in conscious disregard
24   for the rights of plaintiff and other persons with physical disabilities, up to the date of filing of this
25   complaint, and continuing thereon. Defendant had further actual knowledge of the architectural
26   barriers referred to herein by virtue of the demand letter addressed to the defendant and served
27   concurrently with the summons and complaint.
28   ///

1 Said conduct, with knowledge of the effect it was and is having on plaintiff and other persons

2 with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and

3 safety of plaintiff and of other similarly situated persons, justifying the imposition of treble

4 damages per Civil Code §§52 and 54.3.

5     39.    Plaintiff CRAIG YATES and the disability community, consisting of persons with

6 disabilities, would, could and will return to the subject public accommodation when it is made

7 accessible to persons with disabilities.

8 **I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
**ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
9 **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiff CRAIG YATES, an individual and Against Defendant GRAHAM
10 CENTER, LLC, inclusive)
(42 U.S.C. §12101, *et seq.*)
11

12     40.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

13 the allegations contained in paragraphs 1 through 39 of this complaint.

14     41.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

15 §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

16 protect:

17         some 43 million Americans with one or more physical or mental
disabilities; [that] historically society has tended to isolate and
18         segregate individuals with disabilities; [that] such forms of
discrimination against individuals with disabilities continue to be a
19         serious and pervasive social problem; [that] the nation's proper
goals regarding individuals with disabilities are to assure equality of
20         opportunity, full participation, independent living and economic
self-sufficiency for such individuals; [and that] the continuing
21         existence of unfair and unnecessary discrimination and prejudice
denies people with disabilities the opportunity to compete on an
22         equal basis and to pursue those opportunities for which our free
society is justifiably famous.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13

1    42.    Congress stated as its purpose in passing the Americans with Disabilities Act of

2  1990 (42 U.S.C. §12102):

3           It is the purpose of this act (1) to provide a clear and comprehensive
            national mandate for the elimination of discrimination against
4           individuals with disabilities; (2) to provide clear, strong, consistent,
            enforceable standards addressing discrimination against individuals
5           with disabilities; (3) to ensure that the Federal government plays a
            central role in enforcing the standards established in this act on
6           behalf of individuals with disabilities; and (4) to invoke the sweep
            of Congressional authority, including the power to enforce the 14th
7           Amendment and to regulate commerce, in order to address the
            major areas of discrimination faced day to day by people with
8           disabilities.

9    43.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

10 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

11 Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public

12 accommodations identified for purposes of this title was:

13          (7)    PUBLIC ACCOMMODATION - The following private
            entities are considered public accommodations for purposes of this
14          title, if the operations of such entities affect commerce -

15          ----

16          (B) a restaurant, bar or other establishment serving food or drink.

17          42 U.S.C. §12181(7)(B)

18   44.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against

19 on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

20 privileges, advantages, or accommodations of any place of public accommodation by any person

21 who owns, leases, or leases to, or operates a place of public accommodation."

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

1    45.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

2    42 U.S.C. §12182(b)(2)(a) are:

3              (I)    the imposition or application of eligibility criteria
                that screen out or tend to screen out an individual with a disability
4              or any class of individuals with disabilities from fully and equally
                enjoying any goods, services, facilities, privileges, advantages, or
5              accommodations, unless such criteria can be shown to be necessary
                for the provision of the goods, services, facilities, privileges,
6              advantages, or accommodations being offered;

7              (ii)    a failure to make reasonable modifications in
                policies, practices, or procedures, when such modifications are
8              necessary to afford such goods, services, facilities, privileges,
                advantages or accommodations to individuals with disabilities,
9              unless the entity can demonstrate that making such modifications
                would fundamentally alter the nature of such goods, services,
10             facilities, privileges, advantages, or accommodations;

11             (iii)    a failure to take such steps as may be necessary to
                ensure that no individual with a disability is excluded, denied
12             services, segregated or otherwise treated differently than other
                individuals because of the absence of auxiliary aids and services,
13             unless the entity can demonstrate that taking such steps would
                fundamentally alter the nature of the good, service, facility,
14             privilege, advantage, or accommodation being offered or would
                result in an undue burden;

15             (iv)    a failure to remove architectural barriers, and
16             communication barriers that are structural in nature, in existing
                facilities . . . where such removal is readily achievable; and

17             (v)    where an entity can demonstrate that the removal of
18             a barrier under clause (iv) is not readily achievable, a failure to
                make such goods, services, facilities, privileges, advantages or
19             accommodations available through alternative methods if such
                methods are readily achievable.

20

21   The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public

22   Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

23   January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

24   §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15

1    46.    The removal of the barriers complained of by plaintiff as hereinabove alleged were
2  at all times after January 26, 1992 "readily achievable" as to the subject building(s) of Jason's
3  Burger/I Love Sushi pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if
4  the removal of all the barriers complained of herein together was not "readily achievable," the
5  removal of each individual barrier complained of herein was "readily achievable." On
6  information and belief, defendants' failure to remove said barriers was likewise due to
7  discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182
8  (b)(2)(A)(i)and (ii).

9    47.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily
10  accomplishable and able to be carried out without much difficulty or expense." The statute
11  defines relative "expense" in part in relation to the total financial resources of the entities
12  involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that
13  plaintiff complains of herein were and are "readily achievable" by the defendant under the
14  standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was
15  not "readily achievable" for defendant to remove each of such barriers, defendant has failed to
16  make the required services available through alternative methods which were readily achievable.

17    48.    On information and belief, construction work on, and modifications of, the subject
18  building(s) of Jason's Burger/I Love Sushi occurred after the compliance date for the Americans
19  with Disabilities Act, January 26, 1992, independently triggering access requirements under Title
20  III of the ADA.

21    49.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et
22  seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
23  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis
24  of disability in violation of this title or has reasonable grounds for believing that plaintiff is about
25  to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or
26  making use of the public facilities complained of herein so long as the premises and defendant's
27  policies bar full and equal use by persons with physical disabilities.

28  ///

1      50.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

2 disability to engage in a futile gesture if such person has actual notice that a person or

3 organization covered by this title does not intend to comply with its provisions." Pursuant to this

4 section, plaintiff CRAIG YATES has not returned to defendant's premises since on or about

5 February 12, 2010, but on information and belief, alleges that defendant has continued to violate

6 the law and deny the rights of plaintiff and of other persons with physical disabilities to access this

7 public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of

8 §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

9 facilities readily accessible to and usable by individuals with disabilities to the extent required by

10 this title."

11      51.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

12 Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

13 the Americans with Disabilities Act of 1990, including but not limited to an order granting

14 injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being

15 deemed to be the prevailing party.

16 **II.**    **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS**
         **IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
17    (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant GRAHAM
         CENTER, LLC, inclusive)
18    (California Civil Code §§54, 54.1, 54.3, *et seq.)*

19      52.    Plaintiff repleads and incorporates by reference as if fully set forth again herein, the

20 allegations contained in paragraphs 1 through 51 of this complaint.

21      53.    At all times relevant to this action, California Civil Code §54 has provided that

22 persons with physical disabilities are not to be discriminated against because of physical handicap

23 or disability. This section provides that:

24                  (a) Individuals with disabilities . . . have the same rights as
            the general public to full and free use of the streets, highways,
25         sidewalks, walkways, public buildings, medical facilities, including
            hospitals, clinics, and physicians' offices, and other public places.
26 ///

27 ///

28 ///

1    54.    California Civil Code §54.1 provides that persons with disabilities shall not be

2 denied full and equal access to places of public accommodation or facilities:

3                    (a)(1) Individuals with disabilities shall be entitled to full
              and equal access, as other members of the general public, to
4             accommodations, advantages, facilities, medical facilities, including
              hospitals, clinics, and physicians' offices, and privileges of all
5             common carriers, airplanes, motor vehicles, railroad trains,
              motorbuses, streetcars, boats, or any other public conveyances or
6             modes of transportation (whether private, public, franchised,
              licensed, contracted, or otherwise provided), telephone facilities,
7             adoption agencies, private schools, hotels, lodging places, places of
              public accommodation, amusement or resort, and other places to
8             which the general public is invited, subject only to the conditions
              and limitations established by law, or state or federal regulation, and
9             applicable alike to all persons.

10            Civil Code §54.1(a)(1)

11    55.    California Civil Code §54.1 further provides that a violation of the Americans with

12 Disabilities Act of 1990 constitutes a violation of section 54.1:

13                    (d) A violation of the right of an individual under the
              Americans with Disabilities Act of 1990 (Public Law 101-336) also
14            constitutes a violation of this section, and nothing in this section
              shall be construed to limit the access of any person in violation of
15            that act.

16            Civil Code §54.1(d)

17    56.    Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1

18 whose rights have been infringed upon and violated by the defendant, and each of them, as

19 prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendant

20 knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

21 Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to

22 defendant's I Love Sushi.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1 As a legal result, plaintiff is entitled to seek damages pursuant to a court or jury determination, in

2 accordance with California Civil Code §54.3(a) for each day on which he visited or have been

3 deterred from visiting the Jason's Burger/I Love Sushi because of his knowledge and belief that

4 the I Love Sushi is inaccessible to persons with disabilities. California Civil Code §54.3(a)

5 provides:

6   Any person or persons, firm or corporation, who denies or interferes
    with admittance to or enjoyment of the public facilities as specified
7   in Sections 54 and 54.1 or otherwise interferes with the rights of an
    individual with a disability under Sections 54, 54.1 and 54.2 is
8   liable for each offense for the actual damages and any amount as
    may be determined by a jury, or the court sitting without a jury, up
9   to a maximum of three times the amount of actual damages but in
    no case less than . . .one thousand dollars ($1,000) and . . .
10  attorney's fees as may be determined by the court in addition
    thereto, suffered by any person denied any of the rights provided in
11  Sections 54, 54.1 and 54.2.

12   Civil Code §54.3(a)

13   57.   On or about March 20, 2009, April 14, 2009, April 28, 2009, May 15, 2009,

14 June 12, 2009, June 22, 2009, June 24, 2009, June 26, 2009, July 8, 2009, July 9, 2009, August 4,

15 2009, August 11, 2009, August 19, 2009, August 20, 2009, August 21, 2009, September 23, 2009,

16 September 28, 2009, October 5, 2009, October 30, 2009, December 14, 2009, January 27, 2010,

17 February 1, 2010 and February 12, 2010, plaintiff CRAIG YATES suffered violations of Civil

18 Code §§54 and 54.1 in that plaintiff CRAIG YATES was denied access to parking lot, signage,

19 entrance, unisex restroom, food counter and other public facilities as stated herein at the Jason's

20 Burger/I Love Sushi and on the basis that plaintiff CRAIG YATES was a person with physical

21 disabilities.

22   58.   As a result of the denial of equal access to defendant's facilities due to the acts and

23 omissions of defendant, and each of them, in owning, operating and maintaining these subject

24 public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to

25 rights under Civil Code §§54, 54.1 and 54.3.

26 ///

27 ///

28 ///

1      59.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental
2 anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment
3 and worry, all of which are expectedly and naturally associated with a denial of access to a person
4 with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendant's actions and
5 omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a
6 person or an entity that represents persons with physical disabilities and unable, because of the
7 architectural barriers created and maintained by the defendant in violation of the subject laws, to
8 use the public facilities hereinabove described on a full and equal basis as other persons.

9      60.    Plaintiff has been damaged by defendant's, and each of their, wrongful conduct and
10 seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights
11 as a person or an entity that represents persons with physical disabilities on or about March 20,
12 2009, April 14, 2009, April 28, 2009, May 15, 2009, June 12, 2009, June 22, 2009, June 24, 2009,
13 June 26, 2009, July 8, 2009, July 9, 2009, August 4, 2009, August 11, 2009, August 19, 2009,
14 August 20, 2009, August 21, 2009, September 23, 2009, September 28, 2009, October 5, 2009,
15 October 30, 2009, December 14, 2009, January 27, 2010, February 1, 2010 and February 12,
16 2010, and on a continuing basis since then, including statutory damages, a trebling of all of actual
17 damages, general and special damages available pursuant to §54.3 of the Civil Code according to
18 proof.

19      61.    As a result of defendant's, and each of their, acts and omissions in this regard,
20 plaintiff has been required to incur legal expenses and hire attorneys in order to enforce
21 plaintiff's rights and enforce the provisions of the law protecting access for persons with physical
22 disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to
23 the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all
24 reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,
25 plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to
26 compel the defendant to make their facilities accessible to all members of the public with
27 disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to
28 the provisions of §1021.5 of the Code of Civil Procedure.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20

1 **III. THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR**
2 **SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51,** *ET SEQ.* **(THE UNRUH CIVIL RIGHTS ACT)**
3 (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant GRAHAM CENTER, LLC, inclusive)
4 (Civil Code §51, 51.5)

5     62.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

6 the allegations contained in paragraphs 1 through 61 of this complaint.

7     63.    Defendant's actions and omissions and failure to act as a reasonable and prudent

8 public accommodation in identifying, removing and/or creating architectural barriers, policies,

9 practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

10 Unruh Act provides:

11         This section shall be known, and may be cited, as the Unruh Civil Rights Act.

12

13         All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal
14 accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

15

16         This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion,
17 ancestry, national origin, or **disability.**

18         Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or
19 modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other
20 provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything
21 in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction,
22 alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

23

24         A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

25 ///

26 ///

27 ///

28 ///

1  As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

2  "intent" of the defendant in not complying with barrier removal is not an issue. Hence, the

3  failure on the parts of defendant, as reasonable and prudent public accommodations, in acting or

4  failing to act to identify and remove barriers can be construed as a "negligent per se" act of

5  defendant, and each of them.

6       64.      The acts and omissions of defendant stated herein are discriminatory in nature and

7  in violation of Civil Code §51.5:

8              No business establishment of any kind whatsoever shall
             discriminate against, boycott or blacklist, refuse to buy from, sell to,
9            or trade with any person in this state because of the race, creed,
             religion, color, national origin, sex, or **disability** of the person or of
10           the person's partners, members, stockholders, directors, officers,
             managers, superintendents, agents, employees, business associates,
11           suppliers, or customers.

12             As used in this section, "person" includes any person, firm
             association, organization, partnership, business trust, corporation,
13           limited liability company, or company.

14             Nothing in this section shall be construed to require any
             construction, alteration, repair, structural or otherwise, or
15           modification of any sort whatsoever, beyond that construction,
             alteration, repair or modification that is otherwise required by other
16           provisions of law, to any new or existing establishment, facility,
             building, improvement, or any other structure . . . nor shall anything
17           in this section be construed to augment, restrict or alter in any way
             the authority of the State Architect to require construction,
18           alteration, repair, or modifications that the State Architect otherwise
             possesses pursuant to other laws.
19

20      65.      Defendant's acts and omissions as specified have denied to the plaintiff full and

21  equal accommodations, advantages, facilities, privileges and services in a business establishment,

22  on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil

23  Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A

24  violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public

25  Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates

26  the entirety of his above cause of action for violation of the Americans with Disabilities Act at

27  §40, *et seq*., as if repled herein.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22

1    66.    As a further legal result of the actions and failure to act of defendant, and as a

2 legal result of the failure to provide proper handicapped-accessible public facilities as set forth

3 herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff

4 CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical

5 disabilities to full and equal access to public facilities.

6    67.    Further, plaintiff CRAIG YATES suffered mental distress, mental

7 suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,

8 disappointment and worry, all of which are expectedly and naturally associated with a denial of

9 access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

10 Defendant's actions and omissions to act constituted discrimination against plaintiff on the sole

11 basis that plaintiff is a person or an entity that represents persons with physical disabilities and

12 unable, because of the architectural barriers created and maintained by the defendant in violation

13 of the subject laws, to use the public facilities hereinabove described on a full and equal basis as

14 other persons.

15    68.    Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a)

16 of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to

17 mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is

18 allowed by statute, according to proof if deemed to be the prevailing party.

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23

1 | **PRAYER:**

2 | Plaintiff prays that this court award damages and provide relief as follows:

3 | **I. PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
4 | **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101,** *et seq.***)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant GRAHAM
5 | CENTER, LLC, inclusive)
(42 U.S.C. §12101, *et seq.*)

6 |
7 | 1. For injunctive relief, compelling defendant GRAHAM CENTER, LLC, inclusive,

to make the I Love Sushi, located at 783 Andersen Drive, San Rafael, California, readily
8 |
accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to
9 |
make reasonable modifications in policies, practice, eligibility criteria and procedures so as to
10 |
afford full access to the goods, services, facilities, privileges, advantages and accommodations
11 |
being offered.
12 |
2. For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the
13 |
prevailing party; and
14 |
3. For such other and further relief as the court may deem proper.
15 |
**II. PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND**
16 | **EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3,** *ET SEO.*
17 | (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant GRAHAM
CENTER, LLC, inclusive)
18 | (California Civil Code §§54, 54.1, 54.3, *et seq.*)

19 | 1. For injunctive relief, compelling defendant GRAHAM CENTER, LLC, inclusive,

20 | to make the I Love Sushi, located at 783 Andersen Drive, San Rafael, California, readily

21 | accessible to and usable by individuals with disabilities, per state law.

22 | 2. Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

23 | each occasion on which plaintiff was deterred from returning to the subject public

24 | accommodation.

25 | 3. Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

26 | if plaintiffs are deemed the prevailing party;

27 | 4. Treble damages pursuant to Civil Code §54.3;

28 | 5. General damages according to proof;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1     6.    For all costs of suit;

2     7.    Prejudgment interest pursuant to Civil Code §3291; and

3     8.    Such other and further relief as the court may deem just and proper.

4  **III.**    **PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**

5     **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

6     (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant GRAHAM CENTER, LLC, inclusive)

7     (California Civil Code §§51, 51.5, *et seq.*)

8     1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and

9 for each occasion on which plaintiff was deterred from returning to the subject public

10 accommodation;

11     2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing

12 party;

13     3.    General damages according to proof;

14     4.    Treble damages pursuant to Civil Code §52(a);

15     5.    For all costs of suit;

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  //

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25

1    6.    Prejudgment interest pursuant to Civil Code §3291; and

2    7.    Such other and further relief as the court may deem just and proper.

3

4  Dated: _____, 2010    THOMAS E. FRANKOVICH,
                                *A PROFESSIONAL LAW CORPORATION*

5

6

7                               By:

8                            THOMAS E. FRANKOVICH
                            Attorneys for Plaintiff CRAIG YATES, an individual

9

10                        **DEMAND FOR JURY TRIAL**

11    Plaintiff hereby demands a jury for all claims for which a jury is permitted.

12

13  Dated: _____, 2010    THOMAS E. FRANKOVICH,

14                                  *A PROFESSIONAL LAW CORPORATION*

15

16                               By:

17                            THOMAS E. FRANKOVICH
                            Attorneys for Plaintiff CRAIG YATES, an individual

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES